IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **NICOLE CLARK, Next Friend**<br>**on behalf of J.J., a minor child,**<br><br>　　　　**Plaintiffs,**<br><br>v.<br><br>**SPECIAL SCHOOL DISTRICT OF**<br>**ST. LOUIS COUNTY**<br><br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No.:<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT and REQUEST FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

COMES NOW Plaintiffs, by and through counsel, Susan K. Eckles, Missouri Protection and Advocacy Services, and for their cause of action against Special School District (hereinafter "District"), hereby state and allege as follows:

**PRELIMINARY STATEMENT**

1.　This is an action brought under the Individuals with Disabilities Education Act, 20 U.S.C. §1401, *et seq.* (hereinafter "IDEA"), involving a Due Process Hearing to determine whether J.J. (hereinafter "Student") received a Free and Appropriate Public Education in the least restrictive environment to the maximum extent possible. Student's placement was changed from a least restrictive general education setting with special education services to a more restrictive public separate day school.

2. Plaintiff is appealing an unfavorable decision related to the aforementioned Due Process Hearing. Said hearing was convened by the Missouri Department of Elementary and Secondary Education (hereinafter "DESE") at the request of Plaintiff, pursuant to 20 U.S.C. § 1415 (k)(1)(G) and Regulation V of the Missouri State plan for Part B of IDEA. A copy of the decision rendered by the Hearing Officers shall be filed as Exhibit 1.

3. Plaintiff seeks review of the Hearing Officers' decision that Student was provided a Free and Appropriate Public Education in the least restrictive environment to the maximum extent possible with appropriate supports and services, and that the District's placement of Student in a more restrictive separate alternative day school is appropriate.

4. This review is being sought in a timely matter in that the decision was issued on or about September 29, 2010 and all administrative prerequisites have been satisfied.

5. Plaintiffs seek an Order from this Court declaring that Student was not provided a Free and Appropriate Public Education in the general education setting in that a Behavior Intervention Plan deemed necessary in Student's IEP was not implemented in good faith in the general education setting. Plaintiff further seeks an order for declaratory and injunctive relief that appropriate supports and services should be implemented in a general education setting.

6. Plaintiff further seeks an order for declaratory and injunctive relief that the "stay put" placement in homebound as agreed to by Student's parents and District during the due process hearing remain in effect during the pending appeal.

## JURISDICTION AND VENUE

7. This Complaint is authorized by 20 U.S.C. § 1415 (i) and 34 C.F.R. § 300.52. This Court has jurisdiction to hear said Complaint pursuant to 20 U.S.C. § 1415.

8. Venue in this Court is appropriate as all parties reside within this Court's judicial district, and the conduct alleged within this Complaint occurred within this Court's judicial district, in St. Louis County, Missouri.

## PARTIES

9. Defendant District is a public school district created and operating under the laws of the State of Missouri. The District is located at 12110 Clayton Road, Town & Country, St. Louis County, Missouri.

10. Plaintiff Nicole Clark (hereinafter "Mother") is the natural mother of Student, a male minor enrolled in and living within the District at all pertinent times.

11. Student resides in University City, in St. Louis County with his natural father, Darren Johnson.

## STATEMENT OF FACTS

12. Student is a minor child born in 2001.

13. Student has received the following medical diagnoses: Asthma, Attention Deficit Hyperactivity Disorder, Seizure Disorder and Autism.

14. Student's educational diagnosis was defined as "ADHD/Other Health Impaired."

15. The District identified Student as a child with behavior issues related to his disabilities in 2008, while Student was in Kindergarten.

16. The District did not implement a Behavior Intervention Plan (hereinafter "BIP") until October 6, 2008, fall of Student's first grade year, although Student's behaviors had continued and escalated over time.

17. Student's BIP was first introduced in the Individualized Education Program (hereinafter "IEP") dated October 6, 2008.  However, District simultaneously presented a change of placement to a more restrictive separate day school on or about October 13, 2008.

18. On October 13, 2008, the District moved Student to an alternative education placement, a separate public day school, without implementing the Student's Behavior Intervention Plan (hereinafter "BIP") in the least restrictive general education setting in good faith, in that Student's BIP was implemented in the least restrictive general education setting for less than seven days.

19. The October 6, 2008 IEP that first implemented the Student's BIP also provided for shortened school days during the week.

20. Behavioral Expert Todd Streff testified that the BIP was deficient due to incomplete information on the causes of Student's behaviors, as well as ambiguous directives and interventions; and also based on an insufficient Functional Behavior Assessment (hereinafter "FBA") conducted by the District.

21. Hearing Panel Member Dayna Deck found the Behavioral Expert's testimony credible regarding the incomplete and inaccurate FBA that was conducted by the District in the general education setting; however, she did not address the short duration of implementation of the BIP in the general education setting or that the resulting BIP based on an inadequate FBA would not provide adequate supports and services to Student to enable Student's education in the general education setting.

22. The Due Process Hearing Panel's decision dated September 29, 2010 signed by Chairperson Patrick O. Boyle and Panel Member George Wilson, did not discuss or

address the Behavioral Expert's testimony regarding the deficiencies of the BIP or the short duration of implementation of the BIP in the general education setting.

23. Student's placement at the time of the Due Process Hearing was Homebound due to safety concerns in that Student was injured twice in association with the use of the support room and/or Secure Observation Room (hereinafter "SOR") utilized within the separate public day school program. Student's parent(s) had objected to the use of the SOR and requested that it be removed from Student's IEP and its use discontinued; however, their requests were denied by the District.

24. Following the injuries associated with the use of the support room and secure observation room and in the context of Student's expressions of fear and anxiety, it was requested by Student's Mother that Student's educational placement be homebound rather than at the separate day school. The District honored this request and maintained this placement as "stay put" during the Due Process proceeding.

25. Student's parent also requested that District conduct an evaluation in the general education setting to determine appropriate supports and services; however, the District denied this request.

26. Student continues to progress in the homebound setting with his teacher and has benefitted from early and minor interventions, including the allowance of short breaks and redirection. Student has exhibited appropriate behaviors while in the homebound setting, and has not required seclusion from others or separation due to behaviors.

27. The Individuals with Disabilities Education Act (hereinafter "IDEA") dictates that an FBA be conducted when a behavior is determined to be a manifestation of a disability. 20 U.S.C. § 1415 (F)(i). Dayna Deck, Hearing Officer, noted in her opinion that she

found the Plaintiff's Behavioral Expert credible in that the District's team never fully and accurately completed a Functional Behavior Analysis. Further, Ms. Deck noted her opinion that "if the child is returned to a school setting would recommend that the District do a complete and accurate BFA along the lines suggested in *Addressing Student Problem Behavior: An IEP Team's Introduction To Functional Behavioral Assessment and Behavior Intervention Plans*." [sic].

28. An IEP meeting was held on November 1, 2010, wherein the District seeks to place Student at the separate public day school with the implementation of the secure observation room and support room.

## COUNT I. DECLARATORY RELIEF

29. Plaintiff incorporates by reference each and every allegation set forth above in Paragraphs 1-28 as if fully stated herein.

30. IDEA requires that states establish "procedures to assure that, to the maximum extent appropriate, handicapped children are educated with children who are not handicapped." *T.R. ex rel. N.R. v. Kingwood Township Bd. Of Educ.*, 205 F. 3d 573, 578 (3rd Cir.2000), *A.W. v. Northwest R-1 Schl. Dist.*, 813 F.2d 158, 162 (8th Cir.1987). In *A.W. v. Northwest R-1 Schl. Dist.*, the Court acknowledged that there is a "strong congressional preference for mainstreaming." 813 F.2d 158, 162 (8th Cir.1987).

31. 20 U.S.C. § 1412(a)(10)(C) provides that children with disabilities should be educated with children who are not disabled to the maximum extent appropriate and that, "removal of children with disabilities from the regular educational environment occurs only when the nature and severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily."

32. Student has suffered injury in that he was denied his rights to be educated with children who are not disabled to the maximum extent appropriate.  Further, the District failed to use appropriate supplementary aids and services in the general education environment to give Student an opportunity to succeed in this least restrictive environment, in that Student's BIP was implemented for a period of less than seven shortened school days to determine whether education in a regular classroom could be achieved satisfactorily. Student has been harmed in that the District's actions have denied Student his right to a Free and Appropriate Public Education in the least restrictive environment with appropriate services and supports.

   **WHEREFORE,** Plaintiff respectfully requests that this Court overturn the findings and decisions of the Due Process Hearing Panel, and enter a Declaratory Judgment in favor of Student, in that Student was not provided FAPE in the general education setting as appropriate supplementary aids and services were not implemented.  Further, Student should receive a reevaluation in the general education setting to determine what supports and services should be implemented, and that the District shall be required to provide FAPE in the general education setting with appropriate services and supports.

## COUNT II. INJUNCTIVE RELIEF

33. Plaintiff incorporates by reference each and every allegation set forth above in Paragraphs 1-32 as if fully stated herein.

34. Student was injured in association with the use of the SOR and/or support room, has expressed anxiety and fear at returning to the alternative school setting, and the District has refused to remove these behavioral interventions from Student's IEP.  Therefore, injunctive relief is necessary to compel District to continue to provide services through

Homebound placement; or in the alternative, to make its services, activities and programs readily accessible to, and usable by, Student, in the general education setting, by ordering District to implement Student's current BIP without the use of the SOR or support room within the general education setting with appropriate supports and services,

35. In light of the injury, anxiety and fear of Student regarding placement at the alternative school setting, Student may be compelled to seek placement in a private school setting or in a home school environment if Homebound placement is not permitted during the appeal of this matter; therefore Plaintiff requests that any such placement in the private school setting or home school setting does not affect Student's right to a Free and Appropriate Public Education, in that Student intends to attend public school in the District should this Court find in favor of Student returning to the general education setting with appropriate supports and services.

**WHEREFORE,** Plaintiff respectfully requests that this Court overturn the findings and decisions of the Due Process Hearing Panel, and enter a Declaratory Judgment in favor of Student that Student be moved to the general education setting of District for the 2010-2011 school year with appropriate supports and services.  Further, Plaintiff respectfully requests this Court enjoin Defendants from moving Student from "stay put" placement of Homebound during the pendency of this appeal.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of  Plaintiff and against District, and further, that this Court:

A. Issue an injunction, requiring District to maintain placement at Homebound during this appeal;  AND

B.  Enter a Declaratory Judgment specifying District's IDEA violations and declaring the rights of the Student as to the District's programs, services, and activities in the general education setting.

                                                Respectfully submitted,

                                                /s/ Susan K. Eckles
                                                Susan K. Eckles, Managing Attorney
                                                Missouri Protection and Advocacy Services
                                                E.D. # 533375
                                                1992 Innerbelt Business Center Drive
                                                Overland, MO 63114
                                                314-785-1702; 314-785-1707 fax
                                                susan.eckles@mo-pa.org
                                                Attorney for Plaintiff J.J.

## CERTIFICATION OF SERVICE

I hereby certify that on November 10, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District Missouri, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system upon Mr. James Thomeczek, Suite 210, 1120 Olivette Executive Parkway, St. Louis, MO 63132, (314) 997-7733, (314) 997-4888, james.thomeczek@tblawfirm.com, Attorney for Defendant.

                                                s/ Susan K. Eckles
                                                Susan K. Eckles